*R. D. Hill, for appellant.*

---

JOHN ROBINSON *v.* COMMONWEALTH.

**Criminal Law—Manslaughter—Instructions.**
> One convicted only of manslaughter cannot be heard to complain of even an erroneous instruction relating only to the law of murder.

**Malice—Proof of Drunkenness.**
> Drunkenness may be proved in a murder case to rebut proof or inference of malice, but for no other purpose; and where one charged with murder is convicted only of manslaughter, an offense of which malice is not an ingredient, he is not prejudiced by the refusal of the court to instruct on that subject.

APPEAL FROM MARION CIRCUIT COURT.

November 7, 1878.

OPINION BY JUDGE COFER:

We need not inquire into such of the instructions as relate to the law of murder, as it is not perceived that they could, even if erroneous, have prejudiced the appellant, who was only found guilty of manslaughter.

The killing seems not to have been controverted, and was assumed as a fact proven in the case in the instructions asked by the appellant's counsel, as well as in those given by the court, and this technical error did not prejudice his rights.

The indictment charged the appellant with murder only, and did not embrace the special statutory offense defined and denounced by Sec. 2, Art. 4, Chap. 28, General Statutes, page 322. *Connor v. Commonwealth*, 13 Bush 714. The jury, in finding that the appellant was guilty of manslaughter, necessarily found the killing was intentional.

Drunkenness may be proved in a case like this to rebut proof or inference of malice, but for no other purpose. *Shannahan v. Commonwealth*, 8 Bush 463; *Nichols v. Commonwealth*, 11 Bush 575. As the appellant was not convicted of an offense of which malice is an ingredient he was not prejudiced by the refusal of the court to instruct on that subject.

The whole law of the case, as far as relates to the crime of manslaughter, was correctly given, and the judgment is *affirmed*.

*Russell & Arritt, for appellant.   Moss, for appellee.*