JUDGE HINES
delivered the opinion of the court.
Appellant was indicted for murder, and on trial was convicted of manslaughter and sentenced to the penitentiary for nine years.
The main question' on this appeal is, whether the court below erred in instructing, or in refusing to instruct the jury. Instructions were given in which the law of murder and of voluntary manslaughter was properly presented, but no effort was made to give the jury the law of involuntary manslaughter; and that is the principal ground of complaint by counsel for appellant.
The government may carve out of any transaction of a criminal nature and prosecute for any offense embraced in it. But where an act embraces all the elements of several crimes *603 the person who did the act can only be punished for one of them, or such as are degrees of one.
One who has committed a homicide may be indicted and tried for murder, at the election of the prosecuting officer, or he may be indicted and tried for killing by willfully striking, etc., under section 2, article 4, chapter 29, General Statutes. Whether he be indicted and tried for the one or the other, the judgment will bar a second prosecution.
Where the indictment is for murder, the accused may be convicted of any degree of homicide as fixed by the common law, viz. murder, voluntary manslaughter, or involuntary manslaughter; but under such indictment he can not be convicted of the crime defined and denounced by the statute. The indictment and trial for murder is an election to proceed for a common-law homicide, and the trial must be conducted as if the statutory offense had not been created.
If the prisoner is not guilty of murder or voluntary manslaughter, he may, if the facts warrant it, be convicted under the indictment for murder, of the offense of involuntary manslaughter, and it would therefore be error to instruct the jury that if he is guilty of the statutory offense, he should be acquitted.
He may be guilty of involuntary manslaughter without being guilty of the statutory offense, but if guilty of the statutory offense, he is also guilty of involuntary manslaughter, for the former includes every element of the latter, and as he may be convicted of that offense, under an indictment for murder, or for voluntary manslaughter, the court, where the facts justify it (as in this instance), should, under an indictment for murder or voluntary manslaughter, instruct the jury in the law of involuntary manslaughter.
For these reasons it appears clear that the court did not err in refusing to instruct the jury that they must acquit if they found appellant guilty of the statutory crime, but as the *604 jury might have found from the evidence that the killing was involuntary, it was the duty of the court to instruct in the law of involuntary manslaughter. (Conner v. Commonwealth", 13 Bush, 714.)
The instruction in reference to malice should not have been given. It is improper, under any circumstances, for the court to tell the jury that the law implies malice from any state of facts. It is a deduction to b.e made by the j ury, from the evidence in the case, and not by the court. (Farris v. Commonwealth, 14 Bush, 362.)
Wherefore the judgment is reversed, and cause remanded with direction for further proceedings consistent with this opinion.