## MACK MAUPIN v. COMMONWEALTH.

**Continuance in Criminal Case.**

> The court, on a proper application of a defendant in a criminal case, should continue the cause where an important witness for the defense is absent without the fault of the defendant, and whose presence may be secured at a later date, especially where the defendant has been diligent in his efforts to have such witness present at the trial.

APPEAL FROM MADISON CIRCUIT COURT.

June 5, 1879.

OPINION BY JUDGE HINES:

The court erred in refusing to continue the case on account of the absence of the witness, George Thacker. The affidavit for continuance is in substantial compliance with the requirements of the Code, and if the facts that it is stated could be established by the absent witness, should be found by the jury, a strong case of self-defense would be made out. The witness was before the court on subpœna the day preceding the application for continuance. The record does not show that appellant neglected to use any legal means in his power to secure the attendance of the witness. The fact of the service of subpœna on him in the county, and his attendance in obedience thereto, is sufficient to show that his appearance might be obtained at the succeeding term.

The instruction telling the jury that the law implies malice from certain facts is erroneous. The existence of malice must be established, as any other fact, by evidence, and to the satisfaction of the jury. The law implies no fact necessary to make out the guilt of

the accused, and it is, therefore, erroneous in any case to so instruct the jury. *Farris v. Commonwealth,* 14 Bush 362; *Buckner v. Commonwealth,* 14 Bush 601.

It is the safer course, in every case of homicide, to leave the meaning of the term "malice" and "malice aforethought" to be determined by the jury without the embarrassment that would probably result from an attempt to define these terms. Experience has demonstrated the wisdom of this course in reference to the term "reasonable doubt," as it will ultimately do as to the terms "malice" and "malice aforethought."

Judgment *reversed* and cause remanded with directions to grant a new trial and for further proceedings consistent with this opinion.

. *Smith & Little, C. F. Burnam, for appellant. Moss, for appellee.*