Bush v. The Commonwealth.

CASE 56—INDICTMENT—FEBRUARY 3.

## Bush v. The Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. Under an indictment for murder or manslaughter, where there is evidence upon which the jury might find the existence of facts constituting involuntary manslaughter, the court should instruct as to the law in regard to it.

2. The existence of malice, like any other fact, must be left to the jury.

3. If the wound is not dangerous in itself, and death results from improper treatment, or from disease subsequently contracted, not superinduced by, or resulting from, the wound, the accused is not guilty of murder, and the jury should be so instructed, and that they might find him guilty of wilfully and maliciously shooting and wounding under section 2, article 6, chapter 29, General Statutes, or of shooting and wounding in sudden affray under article 17, chapter 29, General Statutes.

MARCUS A. SMITH FOR APPELLANT.

1. The instructions were prejudicial to appellant.    He was entitled to an instruction as to involuntary manslaughter.    (21 Alabama, 300; 1 Lewin C. C., 164.)

·2. He was entitled to an instruction that death must have resulted from the wound alone.    (Wharton's Crim. Law, 7th rev. ed., 751, sec. 3.)

L. P. TARLETON, JR., FOR APPELLANT.

˙The court erred in defining malice.    Whether there was malice or not, should have been left to the jury.    (53 N. Y.; Buckner v. Commonwealth, 14 Bush; Coppage v. Same, 3 Ibid, 532; Kennedy v. Same, 14 Bush; Maher v. People, 10 Mich.; Stokes v. People, 53 N. Y.; Wharton's Crim. Law, 707; Farris v. Commonwealth, 14 Bush; Wharton's Ev., 1237.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

For the purpose of testing the correctness of the instructions, we will assume that every deduction that the jury were authorized from the evidence to make, is a fact established by the evidence.

The jury might have found, 1st, that the girl was accidentally shot by appellant in an attempt to shoot, in necessary self-defense, her father; 2d, that the accused had the pistol in his hand for defense from an anticipated assault, and that the shot producing the wound was unintentional, both as to the firing of the pistol and as to the person wounded; 3d, that the killing was deliberate murder. The finding was guilty of murder, and a sentence of death by hanging.

It is first complained that the court below erred in neglecting to instruct the jury as to the offense of involuntary manslaughter, it being the duty of the court to give the jury the whole law of the case.

Under an indictment for murder or manslaughter, when there is evidence from which the jury might find the existence of facts constituting involuntary manslaughter, it becomes the duty of the court to instruct the jury as to the law of this offense. (Buckner v. Commonwealth, 14 Bush, 603; Cicero Brown v. Commonwealth, MS. Op., Nov. 15th, 1879.) For the failure of the court below to so instruct, the judgment should be reversed.

The fourth instruction given by the court below is complained of because the jury are told that "malice is also implied by the law from any deliberate and cruel act committed by one person against another, however suddenly done."

This court decided in Farris v. Commonwealth and in Buckner v. Commonwealth (14 Bush), and in numerous manuscript opinions since that time, that the existence of

malice must be left to the determination of the jury as any other fact, and that it is error, under any circumstances, to tell the jury that the law implies malice from any fact or facts. The circumstances of this case are such as to render it manifest, for the reasons given in the Farris case, that the instruction complained of was misleading and detrimental to the substantial rights of appellant, and in itself is a sufficient reason for reversing the judgment of the court below.

While counsel do not complain of the definition of the word malice, as given by the court, we think proper to say, without entering into the reasons therefor, that it is not accurate, and that while we might not feel justified in reversing on that account alone, it is safest not to attempt a definition of malice in any case. The effect of all such instructions is more apt to mislead than to enlighten the jury.

The following instruction is also objected to, to-wit: "If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, John Bush, in Fayette county, and before the finding of the indictment, wilfully shot Annie Vanmeter with a pistol, and that she died from the effects of the wound then inflicted upon her, whether said wound was the sole cause or was a contributory agency in producing death, when such shooting was not necessary, and not reasonably believed by the defendant to be necessary for his own protection from immediate death or great bodily harm then threatening him, the jury should find the defendant guilty: guilty of murder, if the killing were also done with malice aforethought, or guilty of manslaughter if the killing were done in sudden heat and passion, and without malice."

It is proper, in this connection, to state that the evidence was such as to justify the jury in finding that the wound inflicted by the shot was neither necessarily nor probably mor-

Bush v. The Commonwealth.

tal, and that the death ensued, not from the wound, but from scarlet fever, negligently communicated by the attending physician.

As said in Commonwealth v. Hackett (2 Allen, 141), the rule of the common law would seem to be, that if the wound was a dangerous wound, that is, calculated to endanger or destroy life, and death ensued therefrom, it is sufficient proof of murder or manslaughter; and that the person who inflicted it is responsible, though it may appear that the deceased might have recovered if he had taken proper care of himself, or submitted to a surgical operation, or that unskillful or improper treatment aggravated the wound and contributed to the death, or that death was immediately caused by a surgical operation rendered necessary by the condition of the wound. The principle on which this rule is founded is, that every one is held to contemplate and to be responsible for the natural consequences of his own acts. But if the wound is not dangerous in itself, and death results from improper treatment, or from disease subsequently contracted, not superinduced by or resulting from the wound, the accused is not guilty. (1 Hale's P. C., 428; Parsons v. State, 21 Ala., 301.) When the disease is a consequence of the wound, although the proximate cause of the death, the person inflicting the wound is guilty, because the death can be traced as a result naturally flowing from the wound and coming in the natural order of things; but when there is a supervening cause, not naturally intervening by reason of the wound and not produced by any necessity created by the wound, the death is by the visitation of Providence and not from the act of the party inflicting the wound. In the case under consideration, the fever was not the natural consequence of the wound, nor was it produced by any ne-

cessity created by the infliction of the wound.   It did not render it necessary to have the wound treated by a physician just recovering from the scarlet fever, even if it be conceded that medical treatment was necessary at all.   If the death was not connected with the wound in the regular chain of causes and consequences, there ought not to be any responsibility.   If a new and wholly independent instrumentality interposed and produced death, it cannot be said that the wound was the ·natural or proximate cause of the death. (14 Grattan, 601, Livingston v. Commonwealth.)   This view of the law was not so presented to the jury as to give the appellant its full benefit.   It should have been clearly and definitely presented to the jury that if they believed from the evidence that death would not have resulted from the wound but for the intervention of the disease, they should not find the accused guilty of murder or manslaughter, but that they might find him guilty of wilfully and maliciously shooting and wounding under section 2, article 6, chapter 29, General Statutes; or of shooting and wounding in sudden affray, or in sudden heat and passion, without malice, under section 1, article 17, chapter 29, General Statutes.

Section 262 of the Criminal Code reads:

"Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, *and may be found guilty of any offense included in that charge in the indictment.*"

While the offenses denounced in section 2 of article 6, chapter 29, of the General Statutes, and in section 1, article 17, of the same chapter, are not degrees of the offense charged in the indictment, they are, in the language of the

section quoted from the Code, "*included*" in the offense charged.

We deem it unnecessary to pass in detail upon each of the instructions granted and refused, as the intimation here given will be a sufficient guide in a retrial of the cause.

Judgment reversed, and cause remanded, with directions for further proceedings consistent with this opinion.