DAN QUINN v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—420, 427.]

**Definition of Involuntary Manslaughter.**

　　Involuntary manslaughter is the killing of another in doing some unlawful act, but without an intention to kill, and it may be either when the act is directed against the person killed or against another person or thing and kills one not intended to be hurt.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

November 8, 1883.

OPINION BY JUDGE PRYOR:

Involuntary manslaughter is the killing of another in doing some unlawful act, but without an intention to kill, and this may be either when the act is directed against the person killed, or when it is directed against another person or thing and kills one not intended to be hurt. 4 Black. Comm. (Chase's ed.) 940; *Conner v. Commonwealth,* 13 Bush (Ky.) 714.

In this case the parties mutually agreed to leave the store and fight in the public road. Appellant first left the store room and took his position in the highway, and as the deceased approached he threw a stone at him, but failed to strike him; and the deceased continuing to approach, the appellant picked up a stone, weighing about two pounds, and when deceased was near enough threw it so as to strike him upon the head, and this blow the jury has found caused his death.

The evidence is conclusive, from the use of the stone, its size, and the proximity of the deceased to appellant, that the latter threw the

stone with the view of taking his life, or that he was entirely reckless as to the consequences resulting from his act. He must be presumed to have known that a blow from a stone weighing two pounds, thrown with violence, by one of his age and strength, would cause the death of his adversary; and in such a state of case no instruction on the subject of involuntary manslaughter should have been given. Although accused has been found guilty of voluntary manslaughter, there is scarcely any proof that it was done in sudden heat and passion.

After his agreement to fight he deliberately goes to the place designated, and when his adversary approaches begins to use deadly missiles, and in their use killed the deceased.

The judgment is *affirmed.*

*F. H. Reppert, Geo. W. McClure, John W. Brown, Sam M. Burdett, for appellant.*

*P. W. Hardin, for appellee.*