CASE 79.—PROSECUTION AGAINST BILL HOUSMAN FOR
MALICIOUS CUTTING AND WOUNDING.—May 7.

# Housman v. Commonwealth

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1.  Indictment—Conviction of Offense Included in Charge—Different Offense.—Cr. Code Prac. section 262, provides that defendant may be found guilty of any offense included in that charged in the indictment. Section 263 provides that a conviction for an attempt to commit an offense may be had under an indictment for the offense if the attempt be punishable. Section 264 provides, if an offense be charged to have been committed with particular circumstances, the offense without the circumstances, or with part only, is included, though the offense charged may be a felony and the offense without the circumstances a misdemeanor only. Held, that under an indictment for murder by stabbing, the proof showing that death was not due to the wound inflicted, a conviction may be had for a malicious cutting and wounding as defined by Ky. St. section 1166, or a conviction may be had for cutting and wounding in sudden affray, or in sudden heat and passion, as defined by section 1242.

2.  Criminal Law—Trial—Argument of Counsel.—An attorney in the presentation of his case must confine himself to the facts introduced in evidence, and the fair deductions to be drawn therefrom, and the application of the law as given by the court to the facts, and, regulated by these limitations, an attorney may appeal to the jury with all of the power which his learning and experience enable him to command.

MOORMAN & WARREN for appellant.

Housman v. Commonwealth.

## AUTHORITIES CITED.

Gills v. Commonwealth, 18 Ky. Law Rep., 562; Buckner v. Commonwealth, 14 Bush, 603; Connor v. Commonwealth, 13 Bush, 722; O'Neal v. Commonwealth, 27 Ky. Law Rep., 549; Commonwealth v. Hoskins, 18 Ky. Law Rep., 61; Johnson v. Commonwealth, 94 Ky., 578; Carnes v. Commonwealth, 28 Ky. Law Rep., 1208; Century Dictionary and Cyclopedia, vol. 1, pp. 244, 369; Wilcoxen v. Commonwealth, 15 Ky. Law Rep., 262; Robertson v. Commonwealth, 10 Ky. Law Rep., 915; Radford v. Commonwealth, 9 Ky. Law Rep., 378; Crawford v. Commonwealth, 15 Ky. Law Rep., 356; Morris v. Commonwealth, 20 Ky. Law Rep., 402; Boner v. Comlth., 19 Ky. Law Rep., 409.

JAMES BREATHITT, THOS. B. McGREGOR and CHAS. H. MORRIS for Commonwealth.

W. H. HESTER of counsel.

(No brief.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Appellant was indicted for the wilful murder of Flem Poplin. On a plea of "not guilty" he was tried, convicted, and his punishment fixed at imprisonment for five years in the penitentiary. To reverse that judgment this appeal is prosecuted.

He complains that the trial court did not properly instruct the jury, and that the prosecuting attorney in his closing argument was guilty of such misconduct as warrants a reversal. His chief objection to the instruction is that the court instructed the jury under sections 1166 and 1242 of the Kentucky Statutes of 1903, in addition to the usual instructions given on a trial where the charge in the indictment is murder. The deceased lived for some time after the difficulty, and much evidence was introduced on the trial tending to show that his death was due to a lack of treatment or improper treatment, rather than to the wound

with the knife which had been inflicted by appellant. To meet this phase of the case the trial judge instructed the jury that, if they believed appellant wilfully, feloniously, and not in his necessary self-defense cut and wounded Flem Poplin with a knife, a deadly weapon, with intent to kill him, but from which cutting and wounding he did not die, then they should find him guilty of malicious cutting and wounding, and fix his punishment at not less than one year nor more than five years imprisonment in the penitentiary (as authorized by section 1166, Kentucky Statutes of 1903). The court also instructed the jury that, if they believed the cutting was done in sudden heat and passion and without malice, and that death did not result therefrom, then they should find the accused guilty and fix his punishment as defined by section 1242 of the Kentucky Statutes of 1903, at a fine of not less than $50 nor more than $500, or confinement in the county jail for not less than 6 months nor more than 12 months, or both, in the discretion of the jury. The jury in their verdict stated that they found the accused guilty of malicious cutting. By section 262 of the Criminal Code upon an indictment for an offense the defendant "may be found guilty of any offense included in that charged in the indictment." By section 263 an offense and the attempt to commit the offense, if the attempt be punishable, may be punished under an indictment for the offense; and by section 264, if an offense be charged to have been committed with particular circumstances, the offense without the circumstances or with part only is included in the offense, although that charged may be a felony, and the offense without the circumstances a misdemeanor only.

The precise question arising in this case was decided by this court in Bush v. Commonwealth, 78 Ky. 268.

In that case as here there was proof tending to show that the death of the deceased was due to another cause. The circuit court refused to instruct the jury as to malicious wounding. For this cause the judgment was reversed. The court by Judge Hines said: "If a new and wholly independent instrumentality interposed and produced death, it cannot be said that the wound was the natural or proximate cause of the death. 14 Grat. (Va.) 601, Livingston v. Commonwealth. This view of the law was not so presented to the jury as to give the appellant its full benefit. It should have been clearly and definitely presented to the jury that, if they believed from the evidence that death would not have resulted from the wound but for the intervention of the disease, they should not find the accused guilty of murder or manslaughter, but that they should find him guilty of wilful and malicious shooting and wounding under chapter 29, art. 6, section 2, Gen. St. 1888, or of shooting and wounding in sudden affray, or in sudden heat and passion, without malice, under chapter 29, art. 17, section 1, Gen. St. 1888. Section 262 of the Criminal Code reads: 'Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment.' While the offenses denounced in chapter 29, art. 6, section 2, Gen. St. 1888, and in section 1, art. 17, of the same chapter, are not degrees of the offense charged in the indictment, they are, in the language of the section quoted from the Code, 'included' in the offense charged." See, also, to same effect, Payne v. Commonwealth, 46 S. W. 704, 20 Ky. Law Rep. 475.

In the case at bar the circuit court followed the rule

laid down in these cases. Bush v. Commonwealth was approved in an opinion by Judge Lewis in Fenston v. Commonwealth, 82 Ky. 549, and in Barnard v. Commonwealth, 94 Ky. 285, 22 S. W. 219, 15 Ky. Law Rep. 51, where the court by Judge Bennett said: "Here the crime of assaulting with intent to rob cannot be made out without establishing an assault or assault and battery with such intent; and, if the assault is committed without the additional circumstances of an intention to rob, then the assault is but a mere misdemeanor. But the intent to rob and a conviction for it absorbs the misdemeanor into the higher crime of felony; so likewise the higher crime of murder absorbs the offense of the mere assault and battery. But, if the murder be not established, the party may be punished for the assault and battery; and if the person was not convicted of the assault with intent to rob, but committed a common assault and battery, he may be found guilty of a misdemeanor, because it is but a degree of the crime of assault with intent to rob."

These principles were followed in Fagan v. Commonwealth, 38 S. W. 431, 18 Ky. Law Rep. 714, Parrott v. Commonwealth, 47 S. W. 452, 20 Ky. Law Rep. 761, and Commonwealth v. Yarnell, 68 S. W. 136, 24 Ky. Law Rep. 144. The rule thus laid down by this court is approved by the text-writers. In 1 Bishop's New Criminal Law, section 780, the rule is this stated: "In felonious homicide, committed by an assault and a beating, there may be a gradation of offenses, the particulars of which will somewhat vary with the laws of the state in which it is committed. The lowest offense will be assault, the next above it will be battery, the next will sometimes be assault with a dangerous weapon with intent to kill, the next man-

slaughter, the next murder, and the last murder in the first degree. Each one of these, except the last, will be a less crime included in the greater. And, where the common-law rule that there can be no conviction for misdemeanor on an indictment for felony does not prevail, a person on trial for any higher one of these offenses may be convicted of any lower one which the proofs establish, if the indictment is, as it always may be made, in a form to include the lower.''

The statement of the text is fully borne out by the adjudicated cases where the statutes are similar to those in force here. Thus in State v. Parker, 63 Iowa, 586, 24 N. W. 225, under a statute just the same as ours sustaining a conviction for an assault with intent to commit great bodily injury under an indictment for murder, the court said: ''It cannot be doubted that an assault is included in the crime of murder. Usually an indictment in express words charges an assault with felonious intent. Of necessity an assault must have been literally committed in all cases of murder by direct violence. The intent with which the assault is committed relates to its character and indicates its degree. It is discovered, not in the extent or nature of the violence, but in the animus of the prepetrator. It follows that an assault, whether with an intent to murder, to maim, or to inflict a great bodily injury, is included in the crime of murder.'' The same ruling was made under similar statutes in Alabama (Daughdrill v. State, 113 Ala. 7, 21 South. 378; Thomas v. State, 125 Ala. 45, 27 South. 920; Letcher v. State, 145 Ala. 669, 39 South. 822), in Texas (Green v. State, 8 Tex. App. 71; Bean v. State, 25 Tex. App. 346, 8 S. W. 278), in Kansas (State v. O'Kane, 23 Kan. 244), in Nevada (Ex parte Curnow, 21 Nev. 33, 24 Pac. 430), in Vermont (State

v. Scott, 24 Vt. 127), in Massachusetts (Commonwealth v. Goodhue, 2 Metc. 193), in Delaware (State v. Fleetwood [Q. & T] 65 Atl. 775), in Ohio (State v. Powell, 1 Ohio Dec. 38), in Arkansas (Davis v. State, 45 Ark. 464), in Tennessee (Lang v. State, 16 Lea, 433, 1 S. W. 318), in Georgia (Thomas v. State, 121 Ga. 331, 49 S. E. 273); Smith v. State, 126 Ga. 544, 55 S. E. 475; Watson v. State, 116 Ga. 607, 43 S. E. 32), and in Arizona (Mapula v. Territory, 80 Pac. 389). In all of these cases the indictments were for murder, and the defendant was held punishable for assault. There are a great number of cases applying the same principles to other offenses; but it is deemed unnecessary to cite from other states any but cases of homicide. The decisions, as Mr. Bishop well says in the note to the section quoted, "are not discordant."

The case of Buckner v. Commonwealth, 14 Bush, 603, simply follows Conner v. Commonwealth, 13 Bush, 722. There is nothing in either of these cases conflicting with those cited above. They were decided by the same court that decided Bush v. Commonwealth, Buckner v. Commonwealth being also written by Judge Hines who wrote the opinion in Bush v. Commonwealth. The rule which was followed in Bush v. Commonwealth was pressed upon the court in Conner v. Commonwealth, and the court held that the rule did not apply to the case then before it for the reason that an indictment to be good for the statutory offense referred to must negative the exceptions contained in the statute, and this an indictment for murder does not do. The court, on page 721 of 13 Bush, thus sums up its conclusion: "The appellant may have been willing to rely that the Commonwealth could not prove either malice or an intention to kill the deceased, and, not having been notified by

the indictment that there would be an attempt to prove that the deceased died within six months, may have omitted to prepare to prove that he did not. Not only so, but it is a well-settled rule of criminal pleading that an indictment for an offense created by statute must describe the offense in the words of the statute, or in words of similar import. 1 Bishop's Crim. Prac. section 360; Commonwealth v. Tanner, 5 Bush, 317; Commonwealth v. Turner, 8 Bush, 2. And it is also a rule of such pleading that, if the statute creating an offense contains in its exacting clause exceptions, it is necessary to negative such exceptions in the indictment, so as to show that the defendant does not come within any of them."

The rule announced in the Conner Case was applied in Commonwealth v. Heath, 99 Ky. 182, 18 Ky. Law Rep. 57, 35 S. W. 277, and is also followed harmoniously by the courts of other states. 22 Cyc. 467. The authorities harmoniously support the rule, and also hold as one of the exceptions to it that there can be no conviction for the lesser offense where the allegations of the indictment are not sufficient to sustain a conviction for it. Both the Conner Case and the Bush Case are as to this in accord with the authorities generally. In a case of wilful shooting, if death results, the offense is murder. Rapp v. Commonwealth, 14 B. Mon. 614. Where, therefore, murder is charged in the indictment, and the proof fails to establish the circumstance that the person wounded died of the wound in a year and a day, the case falls literally within the provision of section 264 of the Code above referred to.

Complaint is made of the argument of counsel for the Commonwealth in closing the case. Much latitude is of necessity allowed an attorney in the presenta-

tion of his case; the only limitations being such as require him to confine himself to the facts introduced in evidence, and the fair and reasonable deductions and conclusions to be drawn therefrom, and the application of the law, as given by the court, to the facts proven. Controlled, regulated, and bounded alone by these limitations an advocate may, with perfect propriety, appeal to the jury with all of the power, force, and persuasiveness which his learning, skill, and experience enable him to command, and of this character of argument the accused may not complain, even though he feels that his conviction may be traceable more directly to the argument of counsel than to the facts proven.

Judgment affirmed.