## Slone, Jr. v. Commonwealth.

(Decided January 17, 1919.)

### Appeal from Knott Circuit Court.

1. Homicide—Verdict—Evidence. — Where the evidence of some seven or eight witnesses for the Commonwealth tends to prove that defendant shot another when the latter was bent over holding his stomach where defendant had kicked him, was unarmed and was not advancing menancingly toward defendant, a verdict against defendant was not flagrantly against the evidence although defendant and another testified that at the time deceased was in the act of attacking defendant with an ax.

2. Homicide—Threats.—General threats made by defendant against any one who attempted to brand trees on his land, are competent evidence against him on a trial for killing one who the day before assisted in branding defendant's trees.

3. Homicide—Evidence—Introduction of Clothing.—Articles of clothing worn by deceased at the time he was shot by defendant which tend to elucidate a matter at issue are relevant and competent evidence when properly identified and shown to be in the same

condition as at the time of the difficulty; and where defendant in the trial court did not call attention to the failure to prove the condition to be the same, but objected to the introduction of such articles only because not of probative value, a reversal will not be ordered for the failure to prove the condition.

4. Homicide—Argument of Counsel.—Reference in argument to the jury by counsel for the Commonwealth to the dying groans of deceased when there was no evidence of groans by deceased, not unwarranted when proof shows that defendant shot deceased, from which shooting the latter died about two months thereafter.

MAY & MAY and JOHN CAUDILL for appellant.

CHARLES H. MORRIS, Attorney General, HENRY F. TURNER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant shot and killed Troy Sturgill for which, after one mistrial, he was convicted, his punishment being fixed at ten years' confinement in the penitentiary. He seeks a reversal upon the grounds: (1) that the verdict is flagrantly against the evidence; (2) the admission of incompetent evidence, and (3) misconduct of the attorney for the Commonwealth.

1. On Sunday afternoon, November 26, 1916, deceased with some seven or eight others employed by Wm. Lynch, agent of the W. J. Fell Co., were on their way to Breathitt county where the next morning they intended to rebrand some trees, and most of them were carrying branding axes; as they passed defendant's store deceased with his ax in his hands approached defendant, who was on the end of the store porch, and accused him of having said to another in substance that deceased was a rogue; defendant denied having made any such statement about deceased and picked up an ax standing near the store door, which he surrendered, however, upon demand to one of the young men of decedent's party, and grabbed deceased about the arms and shoulders; after some little scuffling in which deceased tried to strike defendant with the ax, defendant shook or threw the ax out of deceased's hands and kicked or shoved him off of the porch backwards. As deceased went off of the porch he threw up both hands and staggered back a step or two, and then bent over as he came forward holding his stomach with both hands and unarmed; that as he put one foot on the porch with the other on the ground the defendant shot him. This is the

substance of the testimony of some seven or eight witnesses introduced by the Commonwealth. The defendant, however, states that when he shoved deceased off the porch backwards the deceased, with his ax drawn, came back at him and that he only shot to save himself after deceased failed to heed his demand to stop. In this statement he is corroborated only by Lark Slone. The evidence preponderates, we think, that when the shot was fired deceased was not advancing menancingly towards the defendant, but was bent over holding his stomach where defendant had kicked him, and that he did not at the time have the ax in his hands seems to be conclusively proven, so we certainly could not hold that the verdict was flagrantly against the evidence, even if we confined our consideration to the evidence of what took place at the time of the fight and disregarded the evidence of threats by defendant the introduction of which is bitterly complained of; hence there is no merit in appellant's first contention.

2. The evidence introduced by the Commonwealth of which defendant complains is of two kinds, (a) threats made by the defendant and (b) articles of wearing apparel worn by deceased at the time of the shooting.

(a) The threats made by defendant were not particularly against the deceased, and his name was not mentioned, but were against any one who attempted to brand or who "stuck an ax" in any trees on defendant's land; and at the time these threats were made defendant and deceased were, according to the evidence, good friends; hence it is argued these threats made by defendant had no reference to deceased and were therefore incompetent; but admitting the threats when made were not meant for deceased, it was shown that after the threats were made and the day before the difficulty, deceased helped in branding trees on defendant's land until defendant came upon the land and stopped the branding, so that the threat to kill any one who stuck an ax in one of his trees, made by the defendant before the trees were branded, became applicable to and was literally carried out against deceased. So that there can be no doubt these general threats made shortly before and in connection with the matter out of which the difficulty arose, were competent substantive evidence against the defendant and the court did not err in admitting them.

(b) The defendant next complains of the introduction of the shirt and vest worn by deceased at the time

he was shot. There was no objection by defendant when the shirt was introduced but after Charles ' Sturgill, father of deceased, had identified the vest as being the one worn by his son on the day of the shooting, the following appears from the record:

"Defendant objects. We want to state that there is no controversy as to location where the man was shot, and we object to these bloody garments being presented to the jury, and move your honor to exclude it. Motion overruled. Defendant excepts. Q. I will ask you to examine where the ball went in on the outside, and where it came through on the inside, and tell the jury in what direction the ball ranged? Defendant objects; overruled; excepts. A. The ball ranged down from where it went in the vest; it ranged down considerably. Q. About how much would you say? A. It looks to be about an inch from the vest, maybe a little over. Plaintiff offered garments as evidence."

It will be plainly seen that the basis of defendant's objection was that the garments were incompetent because they did not tend to prove any material fact in issue; but it is equally as evident they did tend to prove that the shot struck deceased when he was bent over because "the ball ranged down from where it went in the vest" about an inch, which could not have been true had deceased been advancing on defendant with drawn ax, as defendant and Lark Slone testified. This was not only a question at issue but is the vital factor in determining whether or not defendant shot in his necessary self defense, so we have no doubt of the relevancy of these garments under such circumstances. But it is most urgently insisted that before they could have been admitted the Commonwealth must have shown they were when offered in the same condition as at the time of the difficulty, and this unquestionably is true, 13 R. C. L. 928, and would have been required of the Commonwealth had this question been brought to the attention of the trial court, but having permitted the shirt to be introduced without objection and then having urged as the reason why both the vest and shirt should be excluded that they had no probative value, and not having called the court's attention to the failure to apply a necessary preliminary test that could easily have been determined then, but can not be ascertained now, a reversal will not be ordered because we will not presume the evidence was incompetent, where defendant had the opportunity

in the trial court to test its competency but failed to do so.

3. The last complaint is that the attorney for the Commonwealth was guilty of misconduct prejudicial to defendant's substantial rights in exhibiting the bloody shirt and vest of deceased to the jury and in the following comments made after counsel for defendant had objected to the garments being exhibited and commented upon: "I wonder if it is the recollection of the dying groans of this dead boy that disturbed this gentleman." "The gentlemen get restless when this bloody shirt is presented and these blood stains remind them of the groans of that dying boy." "I don't blame his counsel for wanting to get away from the scenes of his dying groans."

The remark that first brought forth an objection from defendant's attorney is not reported so we must assume it did not warrant the objection as held by the trial court; and all of the reported remarks of plaintiff's attorney are clearly in response to the unwarranted objection of defendant's attorney, and while made in the presence of the jury and for their benefit, were introduced as a sort of repartee by an unwarranted objection on the part of defendant, and unless clearly prejudicial ought not, it seems to us, to authorize a retrial, because counsel must necessarily, as often held by this court, be allowed much latitude, Houseman v. Comlth, 128 Ky. 825; Allen v. Comlth, 176 Ky. 475; and we do not think the reference to the dying groans of deceased, although no one testified as to his dying moments, is a statement not fairly deducible in argument from testimony that he was shot, and about two months thereafter died therefrom; and the statements here are in no sense comparable with or analogous to those made by the Commonwealth's attorney in Slaughter v. Comlth, 149 Ky. 5, of which this court disapproved.

Wherefore, the judgment is affirmed.