# Hensley v. Commonwealth.
(Decided June 9, 1936.)

C. F. SEE, JR., and A. O. CARTER for appellant.

B. M. VINCENT, Attorney General (J. J. LEARY, of Frankfort, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

On a verdict of a jury finding him guilty of the crime of malicious shooting at and wounding another with intent to kill (section 1166, Kentucky Statutes), a judgment was rendered sentencing Horace G. Hensley to the state reformatory for a period of three years.

He appeals, contending that the accusatory portion of the indicment fails to, and does not, adequately name the crime for which he was convicted; that the instruction given under section 1242 is erroneous, and that the court improperly permitted the commonwealth to introduce in rebuttal evidence that was only admissible in chief. It is unnecessary to reproduce the evidence to dispose of either of these questions.

The accusatory part of the indictment is:
"The grand jury of Lawrence county * * * accuse Horace G. Hensley of the crime of malicious shooting and wounding another with intent to kill, etc."

It is his contention that this portion of the indictment should name the crime thus: "willful, and malicious shooting and wounding another with the intent to kill," and that the omission of the word "willful," in naming the crime, rendered the indictment fatally defective, and the court erred in overruling the demurrer to it.

To sustain this insistence he cites us to Coates v. Commonwealth, 235 Ky. 683, 32 S. W. (2d) 34, Hall v. Commonwealth, 219 Ky. 446, 293 S. W. 961, and Herrold v. Commonwealth, 6 S. W. 121, 9 Ky. Law Rep. 677. They are inapplicable in the present case.

In Toler v. Commonwealth, 94 Ky. 529, 23 S. W. 347, 15 Ky. Law Rep. 292, Gratz v. Commonwealth, 96 Ky. 162, 28 S. W. 159, 16 Ky. Law Rep. 465, and Clark v. Commonwealth, 38 S. W. 489, 18 Ky. Law Rep. 758, the indictments were under section 1166, and omitted the word "willful" in the accusatory portion. It was our conclusion that its omission did not render the indictments defective or demurrable. The essen-

tial facts showing that the crime was willful, or done with intent to kill, was stated in the indictments describing the circumstances constituing the crime. Those cases are decisive of the same question in the present one.

Shooting at and wounding another "in a sudden affray, or in sudden heat and passion, without previous malice, and not in self-defense," the offense denounced by section 1242, Kentucky Statutes, is a degree of the crime defined in section 1166. Williams v. Commonwealth, 102 Ky. 381, 43 S. W. 455, 19 Ky. Law Rep. 1427; Housman v. Commonwealth, 128 Ky. 818, 110 S. W. 236, 33 Ky. Law Rep. 311; Balee v. Commonwealth, 153 Ky. 558, 156 S. W. 147. And Hensley was entitled to, and was given, an instruction under section 1242. His objection to it is that the word "apparently" immediately precedes the words "necessary self-defense." Its use in connection with the words "necessary self-defense" merely emphasized his right to act on appearances and is more favorable than he was entitled to. Aside from this, he was not found guilty of the offense defined in section 1242. Hence, even if the word "apparently" was improperly used in the instruction thereunder, he was not thereby prejudiced.

The evidence in rebuttal, of which he complains, is the testimony of Jesse Kelley. He testified to a threat made in his presence by Hensley, to kill Glen Mulkey, the person whom Hensley was charged in the indictment with maliciously shooting at and wounding. Hensley, on cross-examination, was asked concerning this threat. His response was: "I don't remember."

It is true that the objectionable testimony of Kelley was admissible as evidence in chief as it tended to show who was the aggressor at the tme it is charged in the indictment that Hensley shot at and wounded Mulkey. And since Hensley was asked on cross-examination about the same threat, the testimony of Kelley respecting the same was admissible as tending to contradict Hensley. The accused did not request the court to admonish the jury of the purpose of this rebuttal testimony. Being competent for one purpose, his motion to exclude it was properly overruled. Having failed to indicate to the court that he desired the

jury to be admonished of the purpose for which it was admitted, he is not entilted to complain for the first time in this court of the court's failure on its own motion so to admonish the jury.

We have confined our views of the grounds of reversal to those presented in Hensley's brief, and it is obvious that it is our view he is not entitled to a reversal on these grounds singly or collectively.

Wherefore, the judgment is affirmed.