## TURNER v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 19, 1953.

Rehearing Denied Oct. 9, 1953.

J. B. Johnson, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

Martha Turner, Arlin Turner, Art Turner and his father, the appellant, Daniel Turner, were jointly indicted for maliciously shooting and wounding another with intent to kill. KRS 435.170(1). In a near tragic interfamily skirmish with the Couches who lived across the highway and down the hill, Turner pellets inflicted flesh wounds on nine year old Annie Sue Couch while she was inside her home. A jury found Dan Turner guilty as charged, and he was sentenced to the pententiary for two years.

According to Dave Couch, Daniel Turner had a shotgun and a pistol and Martha, Arlin and Art were armed with a twenty-two caliber rifle, a pistol and shotguns. He declared that there were close to five hundred shotgun pellets, thirty-eight and twenty-two caliber bullet marks made in the roof, side, windows and doors of his home "betwixt nine-thirty and eleven" that evening. When Art Turner, who flashed a beam from an eight-batteried flashlight, was struck by a well-aimed shot and had to be taken to the hospital, the firing ebbed until an uneasy silence reigned.

The battle after dark was the culmination of a series of events, for in the afternoon Art Turner was intoxicated and fired shots from a twenty-two rifle at Bige and Virgil Couch, and later crossed over to the Couch land, fired several shots into their "No Trespassing" sign and then pulled it down. In the battle after dark, Art advanced within a short distance of the Couch home, while the appellant directed his fire from the protective cover of an apple tree close by the Couch house. The appellant declared that he was heading for Art's home to get a pail of water when he was fired on by the Couches, and that he got a shotgun and fired three shots at the Couch home in order to protect his son, Art, after he had been shot. The appellant was identified in the bright moonlight by the Couches, admitted that he had fired his shotgun at their home, and it was shotgun pellets that wounded the child. The credibility of the witnesses was for the jury to decide, and there was sufficient evidence to sustain its verdict. The principal question presented on this appeal involves the instructions.

The appellant insists that the instructions failed to afford him the right to shoot in defense of Martha and Arlin Turner. However, he did not testify that he fired in defense of them, but in defense of himself and his son, Art, and the instructions given adequately covered that situation. In Instruction No. 4, patterned on Section 807, sub-section 3, of Stanley's Instructions to Juries, the appellant complains because the instruction omitted the words "whether it endangered life or not," which qualify the imminent danger which would excuse the appellant for reasonably assuming that he was in danger and was justified in using the means he did to save himself. According to appellant's brief, the complaint here seems to be based on the theory that the jury might have believed that shooting in the dark was not dangerous to human life, and that the omission of the words "whether it endangered human life or not" resulted in the jury indulging its possible belief that shooting in the dark was not dangerous, was a small hazard to the appellant and Art and, consequently, was not sufficient excuse for appellant's resort to arms. Perhaps the best answer to this is that Art was hit by a shot in the dark, but the instruction given does not limit to real dangers only appellant's right to act in self-defense, but also from dangers which he had "reasonable grounds to believe" were present. We find this omission was not prejudicial to the appellant. While the court did lump the instruction covering the degrees of the offense which made it more difficult to understand, it was not likely to mislead the jury and certainly did not prejudice them. Deaton v. Commonwealth, 288 Ky. 246, 156 S.W.2d 94; Ellison v. Commonwealth, 272 Ky. 364, 114 S.W.2d 130.

The indictment fully notified the appellant of the offense with which he was charged, and the omission of the word "wilfully" and the phrase "loaded with a leaden bullet or other hard substance" from the accusatory part of the indictment was not material. In the descriptive part of the indictment it was stated that the shooting was done "wilfully, maliciously and not in his self-defense or the defense of Art Turner," and that the shotgun so used was "loaded with lead and shots or other hard substance." Gregory v. Commonwealth, 187 Ky. 188, 218 S.W. 999. See, also, Adkins v. Commonwealth, 292 Ky. 67, 165 S.W.2d 983; Hensley v. Commonwealth, 264 Ky. 718, 95 S.W.2d 564.

The judgment is affirmed.