**Willie LEWIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1962.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Willie Lewis appeals from a judgment imposing a two-year penitentiary sentence upon a conviction of willfully and maliciously shooting at or into a dwelling house, KRS 435.170(4).

The testimony of the prosecuting witness was that Willie fired a shotgun blast that hit her house near the front door, after he had threatened to kill her if she would not admit him to the house and had broken a window with the barrel of the shotgun. This evidence was sufficient to sustain the conviction.

In the selection of the jury it became necessary to summon additional jurors. Willie maintains that the court erred in directing the sheriff to do the summoning, over an objection based on the fact that the sheriff had been called a witness for the prosecution. The sheriff's testimony was of a routine nature, relating to identification of the defendant's shotgun as an exhibit and an examination of the shot marks in the wall of the prosecuting witness' house. He gave no indication of prejudice or hostility toward the defendant. Under these circumstances the court did not err in directing the sheriff to perform the duty of summoning the jurors. Perciful v. Commonwealth, 212 Ky. 673, 279 S.W. 1062.

Willie's testimony was that he and a companion were walking by the prosecuting witness' house; her dog attacked him; he struck the dog with a stick and the prosecuting witness fired several pistol shots at him; he did not have a gun and did not shoot at the house. This evidence did not furnish any basis for an instruction on simple assault, which Willie contends should have been given. An instruction on Willie's right to defend himself against the dog, which he also contends should have been given, would have been wholly irrelevant.

Willie complains of the failure of the court to sustain objections to two items of testimony and to give an admonition concerning a third item. On the two objected items the court did not rule on the objection and Willie did not insist on a ruling. On the third item he did not ask for an admonition. Accordingly he has

no basis for appellate review. Hicks v. Commonwealth, 291 Ky. 481, 165 S.W.2d 1; Hensley v. Commonwealth, 264 Ky. 718, 95 S.W.2d 564. In any event the evidence complained of was not of a vital character.

The judgment is affirmed.