*H. Clay White, for appellant.*

---

### A. D. BROWN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—451.]

**Continuance of Criminal Case Because of Absence of Attorney.**

A contiuance should not be granted of a criminal trial on account of the absence of the attorney of the accused unless it is made to appear that the ends of justice require the presence at the trial of the particular person selected by the defendant as his counsel.

**Continuance to Procure Attendance of Witness.**

It is not error for the trial court to refuse a continuance of a criminal trial on an application showing that a witness is absent, where diligence is not shown to have been used to procure the attendance of the witness.

**Coroner's Minutes Not Admissible as Evidence.**

In the trial of one charged with murder the minutes made by the acting coroner at the inquest on the body of the person the accused is charged with killing are not admissible in evidence for any purpose.

APPEAL FROM WOODFORD CIRCUIT COURT.

December 17, 1885.

Opinion by Judge Lewis:

The first ground relied on for reversal in this case is the action of the lower court in overruling the motion of the defendant for a continuance, on account of the absence of W. R. Kinney, one of his counsel, and of George Rice, a witness. We are not prepared to say that the absence of an attorney employed and relied on by the defendant in a criminal prosecution would in no case be a sufficient reason for a continuance. But as the court is unable to coerce the attendance of an unwilling attorney in such case, there should be some assurance that he would be present at the next term. A continuance should never be granted on that account unless it appears that the ends of justice require the presence at the trial of the particular person selected by the defendant as his counsel, and a fair and impartial trial can not be had without.

The absence of Kinney did not leave the accused in this case without counsel; for it seems he had four others besides him, the absence of any one of whom might, so far as this record shows to the contrary, have constituted equally as good reason for a continuance as appears from the affidavit. If it be established that the accused is entitled to the presence of each of his counsel before being required to go into trial, his ability to employ counsel would oftener be a reason than his inability for postponing from term to term.

It appears that the witness, Rice, was present in court and recognized as a witness for the commonwealth at the April term, 1884. At the August term, 1884, he was absent, but the defendant went into the trial without asking for a continuance on that ground. At the December term, 1884, the witness was again absent, and the defendant for the first time made that one of his grounds for a continuance. But although the witness was then in contempt and the defendant was clearly entitled to an attachment against him, it was not applied for, nor was even a supboena issued for him until June 25, 1885, the term of court at which he was tried beginning July 13, 1885. It seems to us that the defendant did not use such diligence to procure the attendance of the witness as entitled

him to continuance on account of his absence. As neither ground relied on was sufficient the court did not err in overruling the motion for a continuance.

The next ground relied on is that the court improperly sustained the objection of the attorney for the commonwealth to a question propounded by the defendant to the witness, C. E. Wassen, with a view to contradict him. The record shows the following as occurring after the witness had testified in chief: "The defendant then offered and announced that he could prove by the witness that at the first trial the witness had testified that Freeman and the Browns had backed off the pavement at a point in front of Wolf's store, when it had turned out by experiment of others after he had given his testimony on that trial that he could not have seen from the window at which he was in the back of the office. To the testimony the commonwealth's attorney objected and his objection was sustained and the defendant was not allowed to make said proof."

The question in the form it was put, or that counsel proposed to ask was clearly incompetent. If it was the object to contradict the witness, he should have been asked whether he did not testify on the former trial that he saw Freeman and the Browns back off the pavement at a particular point definitely and clearly indicated in the question, instead of that he was asked in regard to a point that some person not named, and to him unknown, had been experimenting about, which may or may not have been the one he mentioned in his testimony at the former trial.

Whether Preston Brown had a pistol at the time Freeman was shot was both a pertinent and material inquiry. But the statements of Preston Brown in regard thereto, which defendant offered to prove by the witness, Gillispie, were made at the time he was arrested, in the house of Blackburn, where he had gone after the firing ceased. They were made too long after, and under such circumstances that they can not be regarded in any sense part of the res gestae. Gillispie testifies himself that he was four hundred yards off on his way home when he heard the firing, and his conversation with Preston Brown occurred after he returned and went into the house where the two Browns had gone after the firing was over. The evidence we think was properly excluded.

The next ground relied on is the refusal of court to permit the minutes made by the witness, Gillispie, at the inquest on the body

of Freeman held by him as acting coroner, to be read as evidence on the trial of this case in order to contradict the witness. Still, Gen. Stat. 1883, ch. 25, § 5, requires the coroner holding an inquest to commit to writing the substance only of the evidence given before the jury; and they are required to inquire as to the manner the person came to his death, and if slain who in the language of the statute are culpable. It is therefore manifest that it never was contemplated that the minutes taken at inquests should be used as evidence for any purpose; for the examination of witnesses is usually brief. To use it as evidence for the purposes of contradicting witnesses on the subsequent trial of the accused would be dangerous and improper. We think, therefore, that the court correctly ruled in refusing to permit the minutes read.

The principal objection to the instructions to the jury is that they were not given singly as to each distinct proposition. Five instructions were asked by the commonwealth and seven by the defendant, all of which were refused, and afterwards five were given for the commonwealth and five for the defendant, three of which were asked for by him. The instructions given by the court cover every hypothesis authorized by the evidence to be presented to the jury, or that was suggested in the instructions asked by the defendant, and are somewhat voluminous. But we think a jury of ordinary intelligence could understand the meaning of them, for they are not contradictory, but as a whole are consistent, and they are as favorable to the defendant as the law allows.

The defendant is given the full benefit of the law applicable to the defense of himself and of his brother. Instruction K, which seems to be objected to, tells the jury that although the defendant by himself or in conjunction with his brother first commenced an assault upon the deceased, yet if the defendant in good faith desisted, or was by any means hindered or restrained from continuing it, and that the deceased knew or might have reasonably known it, and continued the assault, the defendant had the right in such case to use all necessary or apparently necessary means to repel such new or continued assault, even to taking life. That instruction is actually more favorable to the defendant than the law authorizes and can not be properly objected to by him.

There is no evidence whatever showing or tending to show that the life of Freeman was taken by any other person than the de-

fendant or Preston Brown, and it would therefore have been improper to give an instruction based upon such assumption.

We perceive no error in the instructions, nor in any other proceeding connected with the trial, to the prejudice of the defendant that we can consider on this appeal, and the judgment must be affirmed.

Judgment *affirmed*.

*Wm. C. P. Breckinridge, J. A. Scott, D. L. Thornton, Porter and Wallace, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Cook v. Commonwealth*, 114 Ky. 591, 24 Ky. L. 1409, 71 S. W. 522.]