## Shelton v. Commonwealth.

(Decided May 2, 1930.)

B. B. GOLDEN and N. R. PATTERSON for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

George Shelton has appealed from a judgment of life imprisonment imposed on him for the murder of Lee Bain. This is a second appeal, and reference is made to 226 Ky. 460, 11 S. W. (2d) 125, for a statement of the facts.

After a reversal of the former judgment, this cause was transferred to the Knox circuit court. When he was tried in Bell county, Shelton was represented by James S. Golden, B. B. Golden, and J. H. Taylor.

When this cause came on for trial in Knox county, none of these men appeared. No explanation is made of the absence of any except B. B. Golden, who was shown to be too ill to undertake the labors of such a trial as this at the time. Accused filed an affidavit stating the illness of Mr. B. B. Golden, and that he had been endeavoring to arrange for the services of N. R. Patterson, but had not completed his arrangements.

The court appointed attorneys J. J. Tye and V. A. Jordan to represent the accused and overruled his motion for a continuance.

Just after this slaying a very careful examining trial was had, the case had been tried in Bell county, and transcripts of the evidence heard on these two occasions appear to have been available for the use of these attorneys, and practically the same evidence was introduced on this trial as on the former one. We have read this record carefully and find the defense of the accused was skillfully managed, and the court did not err in over ruling his motion for a continuance.

The commonwealth called three witnesses to show the character of the accused was bad and sought to call others, whereupon the court said:

"I think this is cumulative and I won't take time to hear any more of them. You can make up the record on this. To which action and ruling of the court, the Commonwealth objected and excepted and avowed if permitted by the court, they could show by the witnesses: Jim Linville, R. C. Charles, T. J. Walker and R. T. Gambrel that the reputation of this defendant for peace and quiet is bad."

Later, after another witness had been examined, the court said:

"Ladies and Gentlemen of the Jury: The testimony of Mrs. Jim Hibbar, Mrs. Chas. Mullins, Lige Lewis and William Tinsley, the testimony of those witnesses whose names have just been called on the question of the reputation of the defendant for peace and quiet is not competent. Some of that, three of the witnesses' testimony was without objection. I am inclined to think that the law is that the objection will have to be interposed. I didn't think there was an objection to it and for that reason I admitted it and the Court is inclined and so admonishes you that it is not competent, and you will not consider it for any purpose in making up a verdcit in this case."

We feel that by this admonition of the court the objectionable evidence both in words and effect was effectually withdrawn.

The court gave the jury eight instructions fully and accurately covering every phase of the law applicable to the case, and correctly presenting the accused's rights of self-defense, his right as an officer in attempting to arrest the deceased, the law of reasonable doubt, and presumption of innocence.

The accused was fairly tried, and the judgment is affirmed.