## Sizemore et al. v. Commonwealth.

(Decided Jan. 20, 1933.)

76

G. MURRAY SMITH, ROY W. HOUSE, D. M. ALLEN and A. T. W. MANNING for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The grand jury of Clay county. indicted appellants, Spurgeon and Oscar Sizemore, accusing them of murdering Carlo Sizemore. The commonwealth filed a petition in the Clay circuit court and moved for a change of venue, to which the defendants in the indictment, by counsel, consented, and they also agreed with the commonwealth's attorney that the removal might be made to Madison county which the court ordered done, and the stipulation also fixed the day in the next term of the Madison circuit court when the prosecutions should be tried and it was set for that day in the removing order.

A trial was had in the court to which the removal was made on that day resulting in a hung jury. The case was then set for a definite day in the following May term of the Madison circuit court, and when it arrived two of the local counsel who had been employed by defendants were absent, one of them having accepted appointment as special judge of the Clay circuit court, and was then engaged in the discharge of such duties, and the other was appointed by the special judge commonwealth's attorney pro tem: for the Clay circuit court, which he accepted, and he was then engaged in the performance of the duties of that position. Before

the first trial in February, defendants associated with their local counsel an able, astute, and diligent attorney, the Hon. G. Murray Smith of Richmond, Ky., who assisted in the defense at the first trial and, of course, thereby became familiar, not only with the witnesses, but also with their testimony. When the case was called for the second trial at the May term of the Madison circuit court, and when for the reasons stated defendants' local counsel were absent, Mr. Smith moved for a continuance solely upon the ground of the absence of associate counsel. That motion was overruled and the trial proceeded, resulting in a conviction of each defendant of voluntary manslaughter with attached punishment of 21 years in the state reformatory. From the verdict and judgment pronounced thereon this appeal is prosecuted.

None of the evidence heard at the trial has been brought to us, and learned counsel ably and earnestly argue but two grounds for reversal, although many more were contained in the motion for a new trial, but all of those (except the two relied on) are expressly waived and abandoned. Those two are: (1) Error of the court in overruling the motion for continuance upon the ground stated, and (2) error in the self-defense instruction, with some minor but immaterial complaints of the leading instruction. Those grounds will be considered and determined in the order named.

It will be perceived from the brief statement made that the absence of counsel complained of was due entirely to their willingness and consent to be absent. Neither of them were compelled to accept the position tendered them, and one of them, who had agreed to and entered upon the discharge of the functions of special judge of the Clay circuit court, of his own volition appointed his associate local counsel commonwealth's attorney pro tem. in the court over which he was presiding as special judge. Both of them knew at the time that the prosecution of their clients had been set for trial on a day covering the period of their accepted service as such special officers. Under such circumstances courts should be thoroughly convinced that the rights of the clients were jeopardized and imperiled by the willing absence of counsel before giving the effect to it insisted upon on this appeal.

In support of this ground we are cited to a number of opinions of this court wherein it was held that the

trial court abused its discretion in overruling motions for continuances based upon the absence of counsel, but they were bottomed upon facts creating situations entirely different from the one presented by this record. Most of those cases were where the absent counsel was or were the only one or ones representing the defendant asking for the continuance; or where it was convincingly manifested that the absent counsel possessed superior ability, for one cause or another, to properly represent the defendant on trial, and that the present counsel was, because of recent employment, or other reason, manifestly unfamiliar with the defense, the witnesses, and their probable testimony, so as to disable him from making the proper presentation of the defense of his client. In each and all of them no ironclad rule was laid down; but, on the contrary, it was said that each case should be determined from its own facts and if it appeared that there was a reasonable probability of the rights of the defendant on trial having been prejudiced by the ruling of the court it would be corrected on appeal. But, on the other hand, we have uniformly held that if the record developed that counsel who was present and conducted the trial was familiar with the witnesses and the facts and possessed such professional standing and ability as to enable him to properly present the defense growing out of such facts, the mere absence of associate counsel would not authorize a continuance, and that the discretion of the trial court in so determining would not be disturbed on appeal. Among the many cases from this court so holding are Brown v. Commonwealth, 7 Ky. Law Rep. 451, 13 Ky. Ops. 838; Stephens v. Commonwealth, 6 S. W. 456, 9 Ky. Law Rep. 742; Kelly v. Commonwealth, 165 Ky. 483, 177 S. W. 249; Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489; Fitzpatrick v. Commonwealth, 210 Ky. 385, 275 S. W. 819; Brandriff v. Commonwealth, 227 Ky. 389, 13 S. W. (2d) 273; Mullins and Mullins v. Commonwealth, 227 Ky. 514, 13 S. W. (2d) 535. Volume 6 West's Kentucky Digest, Criminal Law, page 413. To that list there might be added also the cases of Caudill v. Commonwealth, 155 Ky. 578, 159 S. W. 1149, 1150, and Tolliver v. Commonwealth, 165 Ky. 312, 176 S. W. 1190.

In the Caudill Case a motion for a continuance was made upon a similar ground. It was overruled and on appeal to this court it was strenuously argued that the

trial court abused its discretion in that regard, but in overruling it we said: "We are not disposed to hold, as a matter of law, that a continuance, on account of the illness and absence of one of the accused's counsel, should be allowed, where it is made to appear, as in this case, that he was defended by other counsel, whose skill and fidelity throughout the trial is apparent from the record. Howerton v. Commonwealth, 129 Ky. 482, 112 S. W. 606, 33 Ky. Law Rep. 1008; Shepherd v. Commonwealth, 82 S. W. 378, 26 Ky. Law Rep. 698; Moore v. Commonwealth, 81 S. W. 669, 26 Ky. Law Rep. 356; Kennedy v. Commonwealth, 108 S. W. 891, 32 Ky. Law Rep. 1381."

It is deemed unnecessary to incorporate excerpts from any of the other opinions, since they are all, in substance, the same. It is disclosed by this record that counsel representing defendants at the trial was no novice, and his preparation of the record for this court displays, not only familiarity with the case, but also extreme alertness in the rules of practice prescribed for such trials. He was and is an attorney of wide experience, of high standing, and with the courage and ability to employ such equipment in the representation of his clients. We, therefore, conclude that the court did not abuse a sound discretion in overruling the motion for a continuance upon this ground.

■ The chief and, as we conclude, the only complaint deserving consideration at our hands under ground 2 is the criticism of instruction No. II, which is the one submitting defendant's right of self-defense, and which it would seem was relied on by them at the trial. That instructions says: "If the jury believe from the evidence that at the time the defendants or either of them shot and wounded or beat and bruised Carlo Sizemore they, or either of them believed and had reasonable grounds to believe that he or the other was in immediate danger of death or great bodily harm at the hands of Carlo Sizemore, and that it reasonably appeared to the defendants or either of them to be necessary to so shoot or beat and bruise said Carlo Sizemore in order to protect himself, or the other from such danger either real or to the defendants or either of them apparent, the jury will find the defendants, either or both not guilty on the grounds of self defense or apparent necessity."

80

The criticism of it consists in: (a) That the instruction assumes (without submitting that issue to the jury) that defendants shot and wounded or beat and bruised the deceased; and (b) that it did not authorize an acquittal of the one who only aided and abetted, if the other one, who actually did the shooting or wounding or beating or bruising, believed at the time, and had reasonable grounds to so believe, that he was in danger of death or great bodily harm at the hands of the deceased, and authorized a conviction of the aider and abettor, although his principal committed the acts resulting in the homicide under such circumstances as would justify *him* under *his* right of self-defense. But we do not so interpret the language. On the contrary, it expressly told the jury that if "*either of them* believed and had reasonable grounds to believe that," etc., then the right of self-defense arose, and if the killing was done under such circumstances a verdict of not guilty should be returned. Furthermore, the instruction said: "And that it reasonably appeared to the defendants *or either of them* to be necessary to so shoot," etc., then the right of self-defense would prevail. (Our italics.) It is clear that this criticism of the instruction is, to say the least of it, extremely technical; so much so as to make it apparent that any departure from exact precision in phraseology, if any, was not misleading. This criticism therefore must be denied.

Criticism (a) is and would be more meritorious if the evidence heard at the trial was before us. It might be plausibly insisted that all of the instructions should be read together, and if from them, read as a whole, it is made to appear that the jury was told that it must believe beyond a reasonable doubt that defendants committed the acts resulting in decedent's death, it would be sufficient. But, if that interpretation should not be adopted, *and* it appeared from the evidence that defendants denied the commission of those acts, then the criticism would be meritorious. However, from the record before us we gather that the only defense interposed was the one of self-defense, and which is always an admission that the defendant on trial committed the homicide, but that he did so to prevent bodily harm or death to himself, or another, at the hands of the deceased. It will be presumed by this court, in the absence of the evidence heard at the trial, that the court framed its instructions in accordance with the testi-

mony adduced and if defendants in this case so admitted or confessed to the commission of the homicide, but attempted to justify it, then the failure of the self-defense instruction to submit to the jury the fact of the actual commission of the homicide, and which it is complained that the self-defense instruction omitted, could not prejudice the rights of the defendants so as to authorize a reversal of the judgment therefor. The omitted issue would then be one that defendants not only did not deny, but confessed on their trial, and it would be futile for the court to submit to the jury such an admitted and confessed fact, and likewise fallacious in this court to hold that prejudicial error resulted from a failure to do so.

An avoidance of the necessity of bringing to this court the entire testimony, in order to submit the two issues argued on appeal, could easily have been made by stipulating whether or not the defendants admitted or confessed to the killing and attempted to justify it under their right of self-defense. But nothing of the kind is contained in the record. On the contrary, we repeat, every indication to be gleaned from the record is to the effect that the actual killing was not denied, but it was attempted to be justified in the manner indicated. We therefore conclude, in view of the condition of the record, that this criticism is also without merit.

Wherefore, the judgments are affirmed.