## Morris v. Commonwealth.

(Decided May 25, 1937.)

OLLIE JAMES COCKRELL for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Under an indictment returned by the grand jury of Breathitt county charging him with the willful murder of Marvin Dunn, Mitchell Morris has been convicted of manslaughter and sentenced to imprisonment for fifteen years. By this appeal he is seeking reversal of the judgment on two grounds: (1) That the court erred in not granting him a continuance because of absence of employed counsel, and (2) because of error in not properly instructing the jury.

The evidence shows that on the evening of May 30, 1936, Marvin Dunn, Lee Riley, Gus Watkins, and appellant Mitchell Morris, were at a place in Jackson where liquors were sold and men and women engaged in dancing. These four left the place together and had gone only a short distance when a difficulty arose. Marvin Dunn received a lick on the head which, according to the evidence, resulted in his death on June 18, 1936, in a hospital in Lexington, Ky., where he had been carried shortly after receiving the injury. Appellant, Gus Watkins, and Lee Riley were jointly indicted for the murder of deceased by the grand jury of Fayette county, and on separate trial in the Fayette circuit court, Watkins and Riley were convicted of manslaughter and at the time of this trial were serving

their sentences in the state penitentiary. Appellant entered a plea to the jurisdiction of the Fayette circuit court supported by his own affidavit and affidavits of officials of Breathitt county, which plea was sustained, and it was ordered that all papers in the case be transmitted to the clerk of the Breathitt circuit court and that appellant be delivered by the sheriff of Fayette county to the jailer of Breathitt county to be held until discharged according to law. Thereafter the grand jury of Breathitt county returned the indictment against him.

When the case was called for trial, appellant tendered a motion for continuance supported by his own affidavit setting forth in substance that he employed Chester A. Bach and O. J. Cockrell to defend him and that upon the calling of the case he had learned that the former was in another county presiding as special judge of the circuit court; that Chester Bach was an attorney of experience in the trial of commonwealth cases and was generally recognized as a most capable and experienced lawyer and that his presence would mean much to affiant in the trial of the case; that if the case should be continued he would procure the services and attendance of the absent attorney upon a trial of the case; that O. J. Cockrell was a young attorney of limited experience in criminal cases and jury trials; that he had no means or property with which to employ another or additional counsel to assist in the trial of his case.

The court overruled the motion for continuance, reciting in the order that the case had been continued once for the same cause.

The case has been ably briefed by the young attorney referred to in the affidavit for continuance and discloses exhaustive research and citation of authority in support of the contention that continuance should be granted because of the absence of Mr. Bach, but, as disclosed by these and many other domestic cases that might be cited, this court has consistently held that the trial court is invested with a reasonable discretion in the matter of granting or refusing continuance and that the action of the trial court should not be interfered with on appeal in the absence of showing that there has been an abuse of such discretion. See Frost v.

Com., 258 Ky. 709, 81 S. W. (2d) 583, 585; Holmes v. Com., 241 Ky. 573, 44 S. W. (2d) 592; and cases cited in those opinions.

According to a statement made by deceased after he received his injuries and which was admitted as a dying declaration, appellant struck him on the head with something, knocking him down and causing him to lose consciousness. On direct examination appellant testified that after the four left the place where liquor was sold he and Lee Riley fell behind the other two, and when the latter caught up with them, Marvin Dunn kicked him and told him to get down the road and repeated the command. As to what followed he stated:

"I told him I was not going and he (began) to hit and kick me and I told him if he didn't quit I was going to hit him. He kept right on and I pulled out my knife and struck at him with the knife and knocked him down. He got up and tried to take the pistol from Gus Watkins."

He further testified that he opened the knife before he struck deceased. Riley and Watkins testified in substance that shortly after this affray deceased tried to take Watkins' pistol and the latter struck him over the head with it and later, while appellant was not present, they took deceased's shoes and overalls, and Watkins stated that he wore them. He admitted, however, that he signed a written statement to the effect that Mitchell Morris knocked Marvin down with his fist and struck him on the head with his knife and then Mitchell and Riley ran away and when he later came up with them Riley traded him the shoes and overalls. Some witnesses also testified to statements and admissions made by appellant strongly tending to indicate his guilt.

The record discloses no lack of skill upon the part of the young attorney in presenting appellant's defense, and in the face of the facts, including the testimony and admissions of appellant himself, it is quite manifest that an older and more experienced attorney could have done nothing more than was done in appellant's behalf.

In the case of Fitzpatrick v. Commonwealth, 210 Ky. 385, 275 S. W. 819, which is cited in support of the second ground urged for reversal, it was held that the court did not err in refusing a continuance because of the absence of some attorney for accused when other

good attorneys were present to conduct the trial. Since the record discloses that the defense of appellant was ably and skillfully managed, we are constrained to hold that he was not prejudiced by the failure of the court to grant a continuance. See Shelton v. Commonwealth, 234 Ky. 404, 28 S. W. (2d) 492; Frost v. Commonwealth, 258 Ky. 709, 81 S. W. (2d) 583, 585; Sizemore v. Commonwealth, 249 Ky. 75, 60 S. W. (2d) 100. In the latter case counsel for the accused, as in this instance, had been appointed special judge in the court of another county and voluntarily absented himself to discharge such duties.

Concerning the alleged failure to properly instruct the jury, it is argued that because of evidence that Gus Watkins struck deceased on the head with a pistol and that this might have been the cause of his death, instructions under sections 1166 and 1242 of the Statutes relating to malicious shooting, stabbing, etc., and to shooting or stabbing in sudden affray, should have been given, and in support of this contention the cases of Housman v. Commonwealth, 128 Ky. 818, 110 S. W. 236, 33 Ky. Law Rep. 311, and Fitzpatrick v. Commonwealth, supra, are cited. In the first case cited, deceased lived for quite awhile after the difficulty, and as disclosed by the opinion there was much evidence that his death was due to lack of treatment or to improper treatment rather than to the wound. In the second case cited, officers were attempting to arrest deceased and while he was fleeing on horseback to escape arrest they fired at him, some shots taking effect. There was evidence that deceased was drunk, and that while riding rapidly down the street of Paintsville in attempting to escape the officers he fell from his horse and fractured his skull at the base of the brain. It was said in the opinion that there was no doubt from the evidence that Brown died from the injuries to his skull; however, the accused was not entitled to a peremptory instruction if the death of deceased was caused by injuries received in the fall and was not due to his being wounded, he still might be punished under the indictment for malicious shooting. It is apparent that these cases are not applicable in this instance.

The usual instructions on murder, manslaughter, and self-defense were given and conviction was not authorized unless the jury believed from the evidence

that the death of Marvin Dunn was due to the lick he received on the head at the hands of appellant. It is our conclusion that the instructions given fully and properly submitted to the jury all the issues made by proof. Under section 340 of the Criminal Code of Practice, a judgment of conviction may not be reversed for any error of law unless upon a consideration of the whole case the court is satisfied that the substantial rights of defendant have been prejudiced thereby, and since we find no error in the record prejudicial to appellant's substantial rights, the judgment must be and is affirmed.