Harold TACKETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1955.

---

Wheeler B. Boone, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb. A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Harold Tackett was convicted of maliciously assaulting James F. Haggard with an offensive weapon in a felonious attempt to rob, KRS 433.150, and his punishment was fixed at confinement in prison for 21 years. The sole ground urged for reversal is the court erred in not giving an instruc-

tion on the common law misdemeanor of assault and battery.

A brief resume of the evidence is necessary to determine whether this instruction should have been given. The proof for the Commonwealth shows that Tackett and a friend, Buddy Hatfield, drove to the home of Haggard so Tackett could interview him about a bad check of his. After Haggard had invited them into his home, Tackett demanded the check, Haggard replied he would not give it up, nor would he furnish Tackett with the name of the person who informed him it was Tackett who wrote the check. Thereupon Tackett pulled a pistol out of his pocket, and stuck it into Haggard's stomach, saying, "If you don't give me the check and give me the information, I'll kill you." Mrs. Haggard heard the threat, and came running into the room to use the telephone to call the police. Tackett jerked the phone from Mrs. Haggard, pushed her down and threatened to shoot her. Haggard stepped between Tackett and Mrs. Haggard and told her to run. She ran next door to call the police. Hatfield then said to Tackett, "She has gone to call the law, we had better get out of here," Tackett and Hatfield then left the Haggard home.

Tackett's version of the affair is quite different. He testified he asked Haggard, "Do I look like the man who gave you the check? * * * Let me see the check." Haggard replied, "I can't, the check is down at the court house." Tackett then "made about a quarter turn" and the handle of a target pistol, with which he was going to practice target shooting that afternoon, stuck out of his overcoat pocket. Mrs. Haggard saw the pistol, called her husband's attention to it and "started through the house." Tackett then told Haggard he did not "come out to harm him or her." Hatfield then said to Tackett, "Let's go. You are not going to find out anything about the check here." Hatfield's testimony corroborated that given by Tackett.

Under KRS 433.150, it is a felony punishable by death or by imprisonment for twenty-one years or for life for any per-

son who " * * * with an offensive weapon * * * maliciously assaults another, or who in any forcible and violent manner demands any money, goods or chattels, bond, bill, deed or will or other evidence of right, or other thing of value from any person, with an intent to rob or commit a robbery upon him * * *."

 Assault and battery is a lesser degree of assault with intent to rob and an instruction on the misdemeanor should be given when authorized by the evidence. Helton v. Commonwealth, 284 Ky. 326, 144 S.W.2d 805. But here there is no evidence whatever upon which to base an instruction on assault and battery. If the jury believed the Commonwealth's evidence, as undoubtedly it did, Tackett committed an assault with an offensive weapon with the intent to rob Haggard of the check. If the jury believed the evidence offered by Tackett, then there was no assault or battery. We must not lose sight of the fact the indictment did not charge Tackett with any offense against Mrs. Haggard. Under the evidence in this record Tackett was guilty of assault with the intent to rob, or was not guilty at all. Herron v. Commonwealth, 247 Ky. 220, 56 S.W.2d 974; Reed v. Commonwealth, 281 Ky. 189, 135 S.W.2d 867.

The judgment is affirmed.