**Elmer ALSIP, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1958.

Joe S. Feather, Garrett Teague, Jr., Williamsburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Elmer Alsip appeals from a judgment sentencing him to twenty-one years' confinement. He was convicted of armed assault with intent to rob. KRS 433.150. The companion case of Head v. Commonwealth, Ky., 310 S.W.2d 285, disposes adversely of the grounds, with the exception of one, urged here for reversal. The testimony in the two cases is substantially the same. Appellant urges as an additional ground that the prosecuting attorney was guilty of misconduct in trying to show that appellant was living in adultery with May Bunch, daughter of Lula Bunch.

Lula was asked on direct examination if she was appellant's mother-in-law, to which she answered yes. At the beginning of her cross-examination, Lula testified again that she was the mother-in-law of appellant. Several questions were then asked, seeking to elicit whether she knew that her daughter and appellant were married and how she came to know about it. For the most part, her answers were evasive, the substance of which was that Elmer and May were supposed to be married. Objections were overruled. Later, she was asked when appellant and her daughter had married. Following objection, an admonition was given to the jury not to consider the question "or any answer relating to the marriage or lack of it of any person".

On redirect examination, over a sustained objection by the prosecution, counsel for appellant proved by Lula Bunch that her daughter May was then absent from court because of pregnancy.

Lula Bunch was recalled for further cross-examination relative to a written statement she had made in which she allegedly stated that May Bunch was not appellant's wife. Her answers were again evasive. The court admonished the jury that such testimony was admissible only for the purpose of contradiction or impeachment and that the relationship between May Bunch and appellant should not be considered.

Appellant contends that the persistence of the prosecutor was prejudicial in injecting into proof the relationship between appellant and Lula and May Bunch. This relationship was inquired about on direct examination of Lula Bunch, the principal witness for the defense. The appellant did not testify. Lula's testimony, if believed, would have established an alibi for appellant. The cross-examination was proper to show the interest of the witness and to contradict her by showing a prior inconsistent statement. Both are proper

methods of impeachment of a witness. Although impeaching testimony tends to show the commission of another crime, such testimony is not rendered inadmissible if it is an essential part of the contradictory evidence. Commonwealth v. Jackson, Ky., 281 S.W.2d 891. The trial court properly admonished the jury as to the purpose of the testimony and the consideration to be given it. Castle v. Commonwealth, 228 Ky. 151, 14 S.W.2d 387; Shelton v. Commonwealth, 234 Ky. 404, 28 S.W.2d 492.

The evidence presented a strong case for conviction against the appellant. The sentence received was the same as that received by Head, his associate in crime, in the companion case. The objection to the evidence concerning the relationship between appellant and May loses force in view of appellant's proof that May was pregnant. Under the circumstances, appellant has failed to show that his substantial rights were prejudiced. Criminal Code of Practice, Section 340; Turner v. Commonwealth, 185 Ky. 382, 215 S.W. 76; Hill v. Commonwealth, 191 Ky. 477, 230 S.W. 910; Pitts v. Commonwealth, 215 Ky. 837, 287 S.W. 32. The authorities cited by appellant are not considered as controlling here.

Judgment affirmed.