Glenn ROBERTS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 27, 1961.

John J. Tribell, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Glenn Roberts was indicted for armed assault with intent to rob as denounced by KRS 433.150. Upon his trial in January, 1961, he was found guilty of ordinary robbery under KRS 433.120 and received a sentence of five years in the penitentiary. He appeals.

Several grounds are urged for reversal of the judgment of conviction. Of these we believe two have merit, namely, (a) that an erroneous instruction was given; and (b) that incompetent and prejudicial evidence was admitted over appellant's objection.

This is a second appeal. In a previous opinion of this Court (Roberts v. Commonwealth, Ky., 339 S.W.2d 640), the facts are fully recited, and it will be unnecessary to repeat them in order to develop and resolve the two points we shall consider.

■ The trial court submitted an instruction covering assault with intent to rob as defined by KRS 433.150 and, in addition, one embracing robbery as set forth in KRS 433.120. It is contended the last-mentioned instruction should not have been given. We agree. The indictment charged only assault with intent to rob; and appellant was convicted of that crime at the first trial at which the jury was instructed to find him guilty or not guilty solely as to that offense. Appellant when tried relied

upon an alibi as a defense, with the result that his presence at the time and place of the alleged offense was denied. The evidence shows conclusively that if any crime was committed it was a completed act of assault with intent to rob. Therefore, the jury should have been allowed to pass upon the single question of whether appellant did or did not perpetrate the crime of which he was accused. See Tackett v. Commonwealth, Ky., 275 S.W.2d 433, and Reed v. Commonwealth, 281 Ky. 189, 135 S.W.2d 867.

■ The instruction under ordinary robbery was objectionable for another reason. The trial judge no doubt concluded this offense was a lesser degree of the crime of assault with intent to rob. The crime of robbery, which is punishable within the purview of KRS 433.120, is a separate offense and not a lesser degree of the crime of assault with intent to rob described in KRS 433.150. See Adams v. Commonwealth, Ky., 264 S.W.2d 283. For this reason, also, it was error to allow the jury to determine under the evidence whether or not appellant may have perpetrated an act of ordinary robbery.

Another complaint we conclude is well founded concerns the testimony of two police officers of Cincinnati, Ohio, which the trial court allowed to be introduced over appellant's objection. Appellant, as a part of his defense, produced evidence which tended to establish he possessed a good reputation. After he was indicted, he was arrested in Cincinnati and returned to Kentucky, and at the trial the Commonwealth had these two officers take the stand as rebuttal witnesses to testify as character witnesses against him.

■ Neither of the two officers knew appellant personally and both admitted they had never seen him prior to the time they testified. Then, too, they were permitted to identify him from a "mug" photograph they had brought with them; they were asked in this connection: "The picture that has been introduced here is that the person about whom you have been testifying?" The photograph, however, was never shown to the jury but the trial judge allowed it to be filed as an exhibit and made a part of the record of this case. With this factual background before him, and over appellant's objection, the trial judge allowed both of these officers to state, when asked about appellant's reputation as a law-abiding citizen in and about Cincinnati, that it was bad.

■ This evidence, standing alone, would require a reversal of the judgment rendered in this case. Under the facts presented neither of the officers qualified himself to give reputation or character testimony against appellant. The rule applicable to evidence of this kind is stated in 20 Am.Jur., Evidence, sec. 329, p. 308:

> "Generally speaking, the assumption upon which the admissibility of evidence as to character or reputation rests and upon which its value depends is that such evidence originates from the experience of those who have come directly in contact with the person in question and who have the means of knowing his general character. * * * Accordingly, evidence which tends to establish the general character or reputation of a person gathered from all those who have had an opportunity regularly and for a sufficient period of time to make a reasonably comprehensive estimate should be admissible."

■ Aside from what we have said in respect to the inadmissibility of the rebuttal evidence of the two police officers, we are also of the opinion that the introduction of a "mug" photograph (which was the standard type that is kept in the files of the police department of practically every city) had a damaging effect upon appellant's case. The photograph would unquestionably convey to the jury the clear inference that it had been made while appellant was in a police line-up or was in the toils of the law in some manner. There was utterly

no excuse for using it at the trial in the way it was employed.

Other questions are raised which we deem it unnecessary to answer, for the reason that they will either not recur at another trial or because we have considered them and determined no error was committed.

Wherefore, the Judgment is reversed with directions that a new trial be granted.