**John Earl BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–86–MR.**

Supreme Court of Kentucky.

Jan. 19, 1989.

Marie Allison, Asst. Public Advocate, Department of Public Advocacy Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Jill Hall, Asst. Atty. Gen., Frankfort, for appellee.

LAMBERT, Justice.

Upon a jury verdict, appellant was convicted of wanton murder and robbery in the first degree and sentenced to terms of twenty-five years and ten years imprisonment to be served concurrently. For the reasons hereinafter set forth, we vacate the convictions and remand for a new trial.

In the course of appellant's testimony on direct examination, it was established that on the day of the crime, he had received a disability check. His counsel then inquired whether he had any reason to rob Mr. Young (the victim) and appellant replied, "No, I have never had any reason to want to rob anyone—or to kill anyone for that matter." Thereafter, on cross-examination, and over objection, appellant was questioned as follows:

Q. Mr. Brown, on your direct examination you made a statement to the jury that you never felt the need to rob.

A. That's right and that's true.

Q. And have you ever been arrested . . .

A. Yes I've been arrested.

Q. And, indicted for a robbery?

A. I think that's what they call it, indictment. The case went upstairs.

Q. And what happened to that?

A. They found that they had the wrong guy and dismissed it.

In fact, some five years earlier, appellant had been tried for armed robbery and found not guilty.

Appellant contends that it was reversible error to cross-examine him concerning another crime for which he was tried and acquitted. The Commonwealth responds that appellant "opened the door" with his testimony that he "never had any reason" to rob or kill. The Commonwealth further contends that the questions on cross-examination were designed to rebut appellant's evidence of his good character or at most amounted to harmless error which this Court should disregard.

We are at once confronted with this Court's decision in *Asher v. Commonwealth*, Ky., 324 S.W.2d 824 (1959), in which we reversed the conviction because evidence was admitted relative to the occurrence of two crimes for which the defendant had been tried and found not guilty. Despite an admonition from the Court that the jury should only consider the testimony to the extent it tended to show intent, common plan or course of conduct, we held the admonition insufficient to correct "the obvious error." We said:

The testimony pertaining to the other offenses introduced in this case was particularly objectionable in view of the fact that appellant had been acquitted of two of the charges.

*Id.* at 826.

The Commonwealth relies upon the general proposition that evidence of good character may be rebutted by evidence of bad character even if such reveals the commission of another crime. Lawson, *The Kentucky Evidence Law Handbook*, Second Edition, § 2.10(a)(2) (1984); *Alsip v. Commonwealth*, Ky., 310 S.W.2d 283 (1958), and *Commonwealth v. Jackson*, Ky., 281 S.W.2d 891 (1955). While we have no quarrel with this proposition, it simply does not fit the facts of this case. Even if

appellant's statement "I never had any reason to want to rob anyone" constituted testimony as to his good character, evidence of a prior indictment and acquittal of a similar charge does not amount to rebuttal of this. Evidence that one has been tried and acquitted does not show bad character. Such evidence is without any probative value, but is potentially prejudicial in that the jury may be persuaded that the defendant escaped justice in the earlier case and resolve to see that it does not happen again.

As to the Commonwealth's claim of harmless error, we simply observe that the evidence against appellant was not so overwhelming to conclude that appellant's substantial rights were unaffected. RCr 9.24. The principal evidence against appellant was from a co-defendant whose credibility was seriously disputed. Under these circumstances, informing the jury of appellant's prior indictment for armed robbery was prejudicial.

Inasmuch as we anticipate retrial of this case, appellant's other claims of error will be addressed briefly.

■ Despite the removal of identifying numbers, it was obvious that the photographs introduced into evidence were mug shots. The Court of Appeals of Kentucky has previously addressed this issue in *Redd v. Commonwealth*, Ky.App., 591 S.W.2d 704 (1979), whereby the rule in *United States v. Harrington*, 490 F.2d 487 (2nd Cir.1973), was adopted. In *Roberts v. Commonwealth*, Ky., 350 S.W.2d 626 (1961), this Court denounced the practice of introducing photographs which convey the inference that the defendant had been in a police line-up. We said, "There was utterly no excuse for using it at the trial in the way it was employed." *Roberts, supra*, at 628–29. The rule in *Harrington, supra*, establishes certain standards which photographs must meet to be admissible. Upon retrial, we expect compliance with these requirements.

We need not decide whether the trial court erred in admitting the testimony of the co-defendant's mother. Any surprise or abuse of discretion in failing to grant appellant a continuance has now been removed and will not occur upon retrial.

Finally, we have examined appellant's claim that the court improperly instructed the jury on wanton murder and find this claim to be without merit.

All concur.